**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY BRADSHAW,

      Plaintiff,                    CIVIL ACTION NO. 14-cv-12798

      v.                                DISTRICT JUDGE PAUL D. BORMAN

GENESEE, COUNTY OF, et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony Bradshaw initiated this action on July 16, 2014 against Defendants Genesee County, R. Rainwater, and "Other Unnamed Defendants" pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights as secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution by using excessive force against him, among other things. (*See* docket no. 1.) In a September 15, 2015 Opinion and Order, the Court granted a Motion to Compel filed by Defendants and ordered Plaintiff to pay the reasonable expenses and attorney's fees that Defendants incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37. (Docket no. 35.) On October 12, 2015, Defendants' counsel submitted a Bill of Costs. (Docket no. 36.) The undersigned now issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

### I.    RECOMMENDATION

It is recommended that Defendants be awarded attorney's fees in the amount of $914.50, payable by Plaintiff to Defendants' counsel within twenty-one (21) days.

## II. REPORT

### A. Procedural History

On November 21, 2014, Defendants served Plaintiff with Interrogatories, a Request for Production of Documents, and a Notice of Taking Deposition Duces Tecum. (Docket no. 21 at 2; docket no 21-2.) Defendants contended that Plaintiff failed to serve written responses or objections to the discovery requests by the December 21, 2014 deadline and that Plaintiff's counsel did not respond to Defendants' counsel's January 2015 email inquiries regarding the overdue discovery responses. (*Id.* at 2-3; docket nos. 21-3 and 21-4.) On February 9, 2015, Plaintiff's Counsel filed a Motion to Withdraw as Counsel. (Docket no. 17.) While that motion was pending, Defendants filed a Motion to Compel, seeking an order compelling full and complete responses to their Interrogatories and Request for Production of Documents as well as the costs and attorney's fees incurred in filing the Motion. (Docket no. 21.) On March 30, 2015, the Court granted Plaintiff's counsel's Motion to Withdraw and ordered Plaintiff to respond to Defendants' Motion to Compel personally or with the assistance of newly-retained counsel within thirty days. (Docket no. 26.) Plaintiff did not respond to Defendants' Motion. In a September 15, 2015 Order, the Court granted Defendants' Motion and ordered Plaintiff to respond to Defendants' discovery requests and pay the reasonable expenses and attorney's fees incurred by Defendants as a result of bringing the Motion. Pursuant to the Court's Order, Defendants submitted a Bill of Costs seeking a total of $914.50 in attorney's fees for 5.9[1] hours of work and $30.00 in costs for a subpoena cancellation fee (docket no. 36; docket no. 36-1). Plaintiff has not filed an objection.

---

[1] Defendants' itemized billing summary lists the total time spent by Defendants' counsel as 5.5 hours; however, the sum of each line item totals 5.9 hours.

**B.     Attorney Fees Standard**

Rule 37(a)(5)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett v. Bryant Lafayette and Assocs.*, No. 10-cv-12479, 2011 WL 740460, at *2 (E.D. Mich. Feb. 24, 2011) (Borman, J.) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D. Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney's fees: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

The Supreme Court has also provided guidance:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and

> experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (citation omitted).

### C.     Analysis

Defendants' counsel asserts that Defendants incurred attorney's fees in the amount of $914.50 for 5.9 hours of work at an hourly rate of $155.00 per hour as a result of bringing the Motion to Compel.  (Docket no. 36 at 2-3.)  With regard to the number of hours expended, Defendants' counsel asserts that 1.9 hours were spent drafting the motion to compel; 0.5 hours were spent drafting correspondence related to the Motion; 0.7 hours were spent reviewing court filings related to the Motion, including the Court's Order; 0.7 hours were spent drafting the Statement of Resolved and Unresolved Issues; and 2.1 hours were spent drafting the instant Bill of Costs.  (*Id.*)  The undersigned finds that Defendants' counsels' hourly rate and time spent is reasonable, particularly with no outstanding objections from Plaintiff, and therefore recommends that Defendants be awarded attorney's fees in the amount requested.

Defendants also seek costs in the amount of $30.00 for a subpoena cancellation fee from a third-party records service.  (Docket no. 36 at 4; docket no. 36-1.)  Defendants indicate that they incurred this cost as a result of Plaintiff's failure to provide a requested authorization. (Docket no. 36 at 4.)  But the Court only ordered that Plaintiff pay the costs and fees incurred by Defendants as a result of bringing their Motion to Compel.  (Docket no. 35 at 3.)  The authorization to which Defendants refer was not a subject of Defendants' Motion to Compel, and Defendants do not explain, nor is it readily apparent, how such a fee is related to the Motion. Accordingly, Defendants' request for costs in the amount of $30.00 should be denied.

4

### D.     Conclusion

For the reasons stated herein, it is recommended that attorney's fees be awarded to Defendants in the amount of $914.50.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  May 12, 2016                            s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.


Dated: May 12, 2016                             s/ Lisa C. Bartlett
                                                Case Manager

6