UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BRADSHAW,

        Plaintiff,                       CIVIL ACTION NO. 14-cv-12798

        v.                                DISTRICT JUDGE PAUL D. BORMAN

GENESEE, COUNTY OF, et al.,       MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants Genesee County and R. Rainwater's Motion to Dismiss. (Docket no. 37.) Plaintiff has not filed a response to the Motion. The Motion has been referred to the undersigned for consideration. (Docket no. 38.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

I.      RECOMMENDATION

For the reasons that follow, it is recommended that Defendants' Motion to Dismiss (docket no. 37) be **GRANTED**, the "Other Unnamed Defendants" be dismissed pursuant to Federal Rule of Civil Procedure 4(m), and Plaintiff's Complaint be dismissed in its entirety.

II.     REPORT

    A.     **Facts and Procedural History**

Plaintiff Anthony Bradshaw initiated this action on July 16, 2014 against Defendants Genesee County, R. Rainwater, and "Other Unnamed Defendants" pursuant to 42 U.S.C. § 1983,

alleging that Defendants violated his rights as secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution by using excessive force against him, among other things. (*See* docket no. 1.) On November 21, 2014, Defendants served Plaintiff with Interrogatories, a Request for Production of Documents, and a Notice of Taking Deposition Duces Tecum. (Docket no. 21 at 2; docket no 21-2.) According to Defendants, Plaintiff failed to serve written responses or objections to the discovery requests by the December 21, 2014 deadline, and Plaintiff's counsel did not respond to Defendants' counsel's January 2015 email inquiries regarding the overdue discovery responses. (*Id*. at 2-3; docket nos. 21-3 and 21-4.) On February 9, 2015, Plaintiff's counsel filed a Motion to Withdraw as Counsel. (Docket no. 17.) While that motion was pending, Defendants filed a Motion to Compel, seeking an order compelling full and complete responses to their Interrogatories and Request for Production of Documents as well as the costs and attorney's fees incurred in filing the Motion. (Docket no. 21.)

On March 30, 2015, the Court granted Plaintiff's counsel's Motion to Withdraw and ordered Plaintiff to respond to Defendants' Motion to Compel personally or with the assistance of newly-retained counsel within thirty days. (Docket no. 26.) Plaintiff did not respond to Defendants' Motion. In a September 15, 2015 Order, the Court granted Defendants' Motion and ordered Plaintiff to respond to Defendants' discovery requests within thirty days and pay the reasonable expenses and attorney's fees incurred by Defendants as a result of bringing the Motion.[1] Defendants then filed the instant Motion to Dismiss on October 21, 2015, asserting that Plaintiff failed to respond to Defendants' discovery requests in accordance with the Court's

---

[1] Pursuant to the Court's Order, Defendants submitted a Bill of Costs seeking a total of $914.50 in attorney's fees for 5.9 hours of work and $30.00 in costs for a subpoena cancellation fee, to which Plaintiff did not object. (Docket no. 36; docket no. 36-1). The court awarded attorney's fees in the amount of $914.50 to Defendants on June 13, 2016. (Docket no. 41.)

2

Order. (Docket no. 37.) Through their Motion, Defendants seek the dismissal of Plaintiff's Complaint in its entirety and an award of the costs and fees that they incurred in filing the Motion. (*Id*. at 4.) Plaintiff has not responded to Defendants' Motion.

    **B.    Governing Law**

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37. Under Rule 37, the court may dismiss a matter in whole or in part if a party disobeys a discovery order or fails to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection. Fed. R. Civ. P. 37(b)(2)(A)(v), (d). The court also "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). But the entry of a default judgment or dismissal of an action as a sanction for discovery abuse is a sanction of last resort and may be imposed only if the court concludes that the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Additional factors to consider are prejudice to the adversary party from the failure to cooperate, whether the defaulting party was warned that failure to cooperate could lead to default, and whether less drastic sanctions were considered. *Id.*

    **C.    Analysis**

It is uncontested that Plaintiff has violated two of the Court's orders in this matter: (1) the Court's March 30, 2015 Order that Plaintiff respond to Defendants' Motion to Compel (docket no. 26); and (2) the Court's September 15, 2015 Order that Plaintiff respond to Defendants' discovery requests (docket no. 35). There is no indication that any of the orders sent to Plaintiff's address of record were returned as undeliverable. Notably, the Court has not received

any communication from Plaintiff since it granted his attorneys' Motion to Withdraw on March 30, 2015. The Court can only surmise from Plaintiff's silence that his failure to comply with the Court's orders is willful. Conversely, Defendant has continued to defend against this action, and it has been prejudiced by Plaintiff's failure to participate in discovery or otherwise participate in this litigation. Furthermore, the Court warned Plaintiff that his failure to comply with the Court's September 15, 2015 discovery order could result in the dismissal of his claims against Defendants. Despite the Court's warning, Plaintiff failed to comply, and he has had no further contact with the Court. Given Plaintiff's failure to comply with the Court's Orders and his failure to participate in the prosecution of this action on more than one occasion, dismissal of Plaintiff's claims is appropriate, as the lesser sanctions enumerated in Rule 37(b)(2)(A) would likely prove to be unavailing.

Assuming that the recommendation to grant Defendants' Motion to Dismiss is adopted, only the "Other Unnamed Defendants" will remain in this matter. Plaintiff has neither named nor served these defendants within the time allotted by Federal Rule of Civil Procedure 4(m). Accordingly, the "Other Unnamed Defendants" should be dismissed from this action for Plaintiff's failure to comply with Rule 4(m).

### D. Conclusion

For the above-stated reasons, the court should **GRANT** Defendants' Motion to Dismiss (docket no. 37), dismiss the "Other Unnamed Defendants" from this action pursuant to Rule 4(m), and dismiss Plaintiff's Complaint in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 30, 2016         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: June 30, 2016         s/ Lisa C. Bartlett
                             Case Manager